UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
ROBERTA R. STETLER                  )
                                    )    Bankruptcy No. 08-00406
       Debtor.                      )

**ORDER RE: DEBTOR'S MOTION TO COMPEL
ABANDONMENT OF PROPERTY**

This matter came before the undersigned on July 8, 2008 pursuant to assignment. Debtor Roberta Stetler appeared with attorney Steven Klesner. Renee Hanrahan appeared as Chapter 7 Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtor requests an order compelling Trustee to abandon a partial interest in homestead real estate. Trustee asserts the bankruptcy estate's interest in the 0.08-acre nonexempt portion of Debtor's real estate has significant value.

**FINDINGS OF FACT**

Debtor's homestead consists of 0.58 acres in Blairstown, Iowa. Debtor values it at $35,000. There is approximately $25,000 of mortgage debt owed against the homestead. Debtor seeks to compel Trustee to abandon the bankruptcy estate's interest in the 0.08 acre which is not exempt. She asserts it has no value or benefit to the estate. Any sale proceeds from that interest would need to be applied to the mortgage. Trustee cannot carve off 0.08 acre from the homestead. Even if she could, it would ruin Debtor's homestead rights because of the mortgage's due on sale clause and would cause future title problems. Debtor states she is a low-income worker who owns a small home in a small town.

Trustee objects. The 0.08 acre is 13.79% of the total property. The Benton County Assessor values the property at $42,300. Trustee asserts that, deducting the full amount of the mortgage, the value of the 0.08 acre is between $1,379 and $2,386. She argues this value is important to the bankruptcy estate, especially in light of the fact that Debtor is proceeding in forma pauperis.

At the hearing, Trustee requested more time to market the bankruptcy estate's interest in the property, considering her objection to homestead exemption was only granted on May 30, 2008. Rather than attempting to partition the property, Trustee would try to find a buyer for the estate's 13.79% interest in the undivided parcel of real estate, subject to the mortgage. She stated the value of this interest would be determined by the available market.

The Court notes that Debtor's schedules show she has monthly income of $1,147.23 and monthly expenses of $1,417.77. Debtor recently started a job as a McDonald's manager trainee. She previously received public assistance benefits. Schedule F shows total unsecured claims of $88,747.00.

**CONCLUSIONS OF LAW**

Pursuant to 11 U.S.C. § 554(b), on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. Debtor, as the party seeking abandonment, must establish that the property is either burdensome or of inconsequential value and benefit. In re Alexander, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). A determination of whether the factual predicates for abandonment are present lies within the bankruptcy court's discretion. In re Nelson, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000).

In Nelson, the court affirmed the order compelling abandonment, finding that the trustee had only presented a speculative scenario giving rise to value for the bankruptcy estate from two parcels of overencumbered real estate. Id. at 861. It stated:

> The bankruptcy court cannot gaze into a crystal ball and see the future. It can only consider the evidence before it. In this instance, no concrete evidence of value to the estate was presented and, therefore, the bankruptcy court did not abuse its discretion in compelling the Trustee to abandon the parcels.

Id. In In re Thornton, 269 B.R. 682, 685 (Bankr. W.D. Mo. 2001) the court found that selling the debtors' 15.2 acres of real estate would result in recovery of $1,119.51, taking into account the mortgage, costs of sale, the debtors' homestead exemption and the trustee's fee. It held that this amount of recovery was of inconsequential value and was administratively burdensome to the

bankruptcy estate where the debtor had scheduled unsecured debt in the amount of $66,784.64.  Id.

## ANALYSIS

The parties dispute whether the 0.08 acre of Debtor's homestead real estate which is not exempt has value for the bankruptcy estate.  The Court has discretion to order Trustee to abandon the property for Debtor's benefit or to allow her to market it for the benefit of the estate.  The Court has substantial skepticism about whether this property interest is marketable or valuable to the estate.  Trustee has requested additional time to explore attempts to market the property.  A short delay in resolving this matter will not unduly prejudice Debtor or undermine her fresh start with the understanding that if Trustee is unable to demonstrate appreciable value, the property should be ordered abandoned.

**WHEREFORE**, Debtor's Motion to Compel Abandonment of Property is DENIED.

**FURTHER**, Trustee may attempt to market the estate's interest in the 0.08 acre of real estate which is not exempt until September 2, 2008.

**FURTHER**, if Trustee fails to find a buyer for this property and file a Motion to Approve Sale by September 2, 2008, the Court will enter an order requiring Trustee to abandon the property, without further notice or hearing.

DATED AND ENTERED:

July 11, 2008.

_/s/ Paul J. Kilburg_
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE